

**Marin Goodman, LLP**
500 Mamaroneck Avenue
Suite 102
Harrison, New York 10528
Tel (212) 661-1151
Fax (212) 661-1141

Fredric B. Goodman
*Partner*
fgoodman@maringoodman.com

October 15, 2021

**VIA ECF**
The Honorable Justice Kenneth M. Karas
United States District Court for the Southern
District of New York
300 Quarropas Street, Room 521
White Plains, NY 10601

**Re:** Olympia Sports Company, Inc. v. Natural Essentials, Inc.
Index No. 7:21-cv-04279

Dear Justice Karas:

We represent Olympia Sports Company, Inc., (hereinafter "Olympia") in this matter. This correspondence is respectfully submitted in opposition to defendant's request for a pre-motion conference regarding a proposed motion to dismiss.

Natural Essentials, Inc. ("hereinafter" Natural Essentials") wrongfully asserts Olympia failed to file a timely complaint. On April 9, 2021, Olympia commenced the present action by filing a summons with notice in state court under index no. 500508/2021. On April 29, 2021, Natural Essentials filed an action in the United States District Court in the Northern District of Ohio based on the same causes of action. On May 12, 2021, Natural Essentials then filed a motion for removal to this Court based on diversity. Prior to their motion for removal, however, defendant **did not make an appearance on the matter or make a demand for a complaint** which is required by statute:

**CPLR § 3012 (b) states:**

If the complaint *is not served with the summons*, the defendant may serve a written demand for the complaint within the time provided in subdivision (a) of rule 320 for an appearance. Service of the complaint shall be made within twenty days after service of the demand. Service of the demand shall extend the time to

MARIN/GOODMAN, LLP

*Attorneys At Law*

October 15, 2021
Page 2 of 3

appear until twenty days after service of the complaint. If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance.

"**Appearance**" for such subdivision, is defined in **CPLR § 320(a),** which states: "[t]he defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer." Here, defendant filed a notice of removal, which is *not* "a motion which has the effect of extending the time to answer." As such, defendant's prior motion does not fit within CPLR § 320(a)'s definition of appearance, it cannot constitute "personal service" under CPLR § 306(b) and therefore the plaintiff was not required to file a complaint at that time.

Additionally, if an action is commenced by the filing of a summons with notice **CPLR § 305 (b) requires:** the notice must "state the nature of the action and the relief sought, and the sum of money for which judgment may be taken in case of default." In this case**,** the notice contained all the specific details outlined above. Defense concedes notice is sufficient by acknowledging commencement of the suit began with receiving proper service of a summons with notice. Defense is not challenging the sufficiency of the notice or service of process. Their challenge is that no complaint was filed within the time frame. But what time frame? There was none required by law at this time.

Courts have held "where no demand was ever made by defendant for a complaint, there was no basis for dismissal for failure to serve a complaint." See, *Maidenbaum v Ellis Hospital,* 51 A.D.2d 1075, N.Y. App. Div. 2d Dep't (1976). Additionally, appearance of defendant does not automatically entitle him to a copy of complaint in absence of a demand. There could be no default in service of the complaint in absence of a demand therefore and, hence, trial court was without power to grant motion of defendant to dismiss for failure to serve complaint and plaintiff was not required to offer an excuse for failure and affidavit on merits. See, *Ardila v Roosevelt Hospital*, 55 A.D.2d 557, N.Y. App. Div. 1st Dep't (1976).

We have no record of ever receiving the demand for a complaint and there is no record of it being filed in state court or with this court. The fact that defense makes no mention of this critical detail in their letter application is telling. Thus, Natural Essentials' claim that Olympia somehow missed a 90-day deadline to file its Complaint is not accurate and should not be used a reason for a pre-conference motion to dismiss on this matter. The motion for removal is not an appearance on the matter for purposes of CPLR § 3012 (b). Once moved to federal court the obligation to file a complaint becomes a matter of federal procedure.

We had anticipated a court conference on this matter to work out a schedule. However, when Deputy Clerk Bordes contacted us, we stated we would file the complaint, which we are almost ready to do. Our client recently had surgery which has caused a brief delay in our filing so



*Attorneys At Law*

October 15, 2021
Page 3 of 3

he can review before we file. It is our intention to file the complaint this coming week. In any event, there is no time limit because no demand for a complaint was served, or appearance made.

    WHEREFORE, for the reasons stated above, the Plaintiff respectfully requests this Court deny defendant's pre-motion conference regarding a proposed motion to dismiss as it is without merit.

    Respectfully submitted,

    */s/ Fredric Goodman*

    Fredric Goodman, Esq.
    *Attorneys for Plaintiff*
    *Olympia Sports Company, Inc.*
    Marin Goodman, LLP
    500 Mamaroneck Avenue, Suite 102
    Harrison, NY 10528
    212-661-1151
    fgoodman@maringoodman.com